**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MICHAEL ARSHINKOFF,**<br>Plaintiff**,**<br>vs.<br>**WELLS FARGO & COMPANY,**<br>Defendant**.** | CASE NO. 18-cv-03941-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS FOR IMPROPER VENUE; VACATING HEARING**<br><br>Re: Dkt. No. 16 |

Plaintiff Michael Arshinkoff brings this action alleging violations of the following statutes: (1) Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2605 & 12 C.F.R. § 1024.35; (2) California Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a); and (3) California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.17 against defendant Wells Fargo & Company ("Wells Fargo"). Wells Fargo brings the instant motion seeking to dismiss or transfer the case based upon improper venue, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a), or alternatively to transfer venue based upon the convenience factors applicable under 28 U.S.C. § 1404(a). In addition, Wells Fargo seeks to dismiss plaintiff's claims under the California consumer protection statutes on the grounds that plaintiff alleges no conduct occurring in California.

Having carefully considered the papers submitted, the pleadings in this action, and the matters properly subject to judicial notice,[1] and for the reasons set forth below, the Court **GRANTS**

---

[1] Wells Fargo requests judicial notice of true and correct copy of a Mortgage dated July 11, 2012, and recorded July 17, 2012, as Document No. 21012ORO17260 in the Medina County, Ohio, Recorder's Office, including the February 29, 2016 Corporate Assignment of Mortgage showing that MERS assigned the mortgage to Wells Fargo Bank NA, at 1 Home Campus, Des Moines, Iowa. (Request for Judicial Notice, Dkt. No. 16-1 ["RJN"].) The unopposed request is **GRANTED**.

the Motion to Dismiss for Improper Venue.[2]

## I. APPLICABLE STANDARD

Plaintiff bears the burden of establishing venue is proper in this district. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). The court has broad discretion to decide the manner in which to resolve the question and may consider evidence outside the pleadings. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004). The court "must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Id.* at 1138. "[U]ncontroverted allegations in the complaint must be taken as true," and conflicts between facts contained within the declarations or affidavits submitted by the parties are resolved in the plaintiff's favor. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

## II. DISCUSSION

Plaintiff alleges that his primary residence is secured by a mortgage, which at all relevant times was serviced by Wells Fargo. (Complaint, Dkt. No. 1, ¶ 7.) He alleges that Wells Fargo made errors in the processing of his mortgage payments, failed to correct those errors, and incorrectly reported his mortgage payments as delinquent to credit reporting agencies despite plaintiff requesting the error be remedied (by making a "QWR") and Wells Fargo's assurances that the errors would be corrected. (*Id.* ¶¶ 9-13, 20-31.) Plaintiff further alleges that Wells Fargo harassed him with collection calls based upon late fees that arose from Wells Fargo's errors. (*Id.* ¶¶ 15-19.) Thus, plaintiff alleges that Wells Fargo violated RESPA by failing to respond to his notices of the errors properly and failing to correct them. (*Id.* ¶ 57.) He further alleges that Wells Fargo violated the CCRAA by reporting false information to credit agencies and violated the RDCPA by misrepresenting the status of his debt and engaging in a harassment campaign to collect it. (*Id.* ¶¶ 62-65, 68-70.)

Plaintiff alleges venue is proper in this District because Wells Fargo's principal executive

---

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **November 27, 2018.**

2

office is located within this District, and "its policies and procedures are formed, implemented, and overseen by executives and management based in the Northern District of California." (Complaint ¶¶ 4, 6.) He further alleges that Wells Fargo's "conduct described herein . . . is part of a companywide policy . . . created, implemented, overseen, and enforced companywide by management and executives based in the Northern District of California." (*Id.* ¶ 46.)

Venue in a RESPA action is limited to two locations: "the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred." 12 U.S.C. § 2614; *see also Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1038 (9th Cir. 2014) (citing statute as limiting RESPA venue to location of property or, if different, where the alleged violation occurred). With respect to the first option, the property is not located in this District. Plaintiff alleges that he is a resident of Medina, Ohio, and which is also the location of the property at issue, as confirmed by the mortgage. (Complaint ¶ 1, RJN Exh A.)

With respect to the second option, venue in this District would be proper only if plaintiff establishes this District is "where the violation occurred." 12 U.S.C. § 2614. Plaintiff argues that venue in this District is proper because the alleged RESPA violation "occurred" at "Wells Fargo" headquarters in San Francisco. Plaintiff bases his complaint on the allegation that his "primary residence is secured by a mortgage, which at all relevant times was *serviced by Wells Fargo*." (Complaint ¶ 7, emphasis supplied.) The violations he alleges are errors committed by his mortgage *servicer* in crediting his mortgage payments, failing to respond to his QWR, and reporting incorrect debt information.[3] However, plaintiff's recorded mortgage document shows that his mortgage servicer is *not* defendant "Wells Fargo & Company," but instead is "Wells Fargo Bank, N.A." (RJN at ECF p. 25.) Wells Fargo Bank, N.A. is a national bank and a citizen "only of South Dakota, where its main office is located." *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014) (for purposes of diversity jurisdiction, nationally chartered banks are

---

[3] Indeed, plaintiff's claim under section 2605 and Regulation X can only be stated against a "servicer." *See* 12 U.S.C. § 2605(e)(1)(A); *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 665 (9th Cir. 2012).

3

governed by 28 U.S.C. § 1348 and are citizens only of the state in which their main office is located).

Assuming, without deciding, that the violation can be said to have "occurred" where the mortgage servicer is located, the Wells Fargo entity headquartered in San Francisco is not the servicer of plaintiff's mortgage. Having misidentified Wells Fargo & Company as his mortgage servicer in the Complaint, plaintiff cannot now salvage his choice of venue by reference to conclusory allegations in the Complaint that "Wells Fargo" policies and decisions gave rise to his claims, and those decisions occurred in this District, even though the "Wells Fargo" entity named in the Complaint was not his mortgage servicer. In sum, the allegations of the Complaint do not establish that the RESPA violation by plaintiff's mortgage servicer occurred in this District.

Accordingly, the Motion to Dismiss for Improper Venue is **GRANTED**. Therefore, this action is **DISMISSED WITHOUT PREJUDICE.**

This terminates Docket No. 16.

**IT IS SO ORDERED.**

Dated: November 15, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**